UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

QIANA FLYNN

                                                DOCKET

                 PLAINTIFFS

-AGAINST-                                      COMPLAINT

BRONX PARENT HOUSING NETWORK       JURY TRIAL DEMANDED

VICTOR RIVERA

THE CITY OF NEW YORK

                 DEFENDANTS

-------------------------------------------------------------------------------X

  Plaintiff by and through their Attorneys Martin Druyan and Associates Attorneys, as and for their verified complaint state and allege as follows.

                        JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al

And NYS Human Rights Law , N.Y. Executive Law sect 290-297-and NYC ADMINIST. CODE 8-101 to 131, and related statutes as Plaintiff alleges employment discrimination, unjust

termination, hostile work environment, retaliation, and sexual harassment by Plaintiff against the Defendant employer Bronx Parent Housing Network (BPHN, hereinafter) and Defendants Director Victor Rivera, and the City of New York which funded BPHN with public funds.

Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on about March 2021 against Defendants except the City of New York.

2. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

3. *At all times hereinafter mentioned:*

4. *Plaintiff Qiana Flynn is a resident of New York State, Southern District of New York.*

5. Defendant Employer Bronx Parent Housing Network (BPHN hereinafter) is a not for profit New York State corporation and charity, doing business in Bronx County, New York City.

6. Bronx Parent Housing Network, BPHN, is incorporated and registered as a not for profit corporation in New York State.

7. Victor Rivera was the director of BPHN until about Feb. 2021, upon information and belief he is a resident of Bronx County.

8. The City of New York was a municipal corporation incorporated pursuant to the laws of New York State.

9. FACTS UNLAWFUL TERMINATION

10. Plaintiff Qiana Flynn was an employee of Def. BPHN

11. In about August 2020 Plaintiff was terminated from her employment at Def. BPHN as a result of unlawful discrimination and retaliation as stated herein.

    a. Plaintiff Flynn was at all times a loyal, conscientious employee with commendations, promotions, and positive work reviews for her excellent work performance.

    b. Ms. Flynn is a black female, who has suffered racial discrimination as stated herein, in addition to other discrimination stated herein.

    c. HOSTILE WORK ENVIRONMENT, UNLAWFUL TOUCHING, BATTERY, ASSAULT, SEX HARASSMENT, RETALIATION, 2019, 2020

12. In about 2019 Plaintiff 's breasts were touched and squeezed hard, for 10 seconds,, an unlawful touching, and battery, by Defendant EM, was a case manager during work at BPHN.

13. Now EM is a supervisor after a promotion after my termination

14. This occurred after Plaintiff had a breast operation for the removal of a fibroid, cyst, mass from Plaintiff's breast, causing Plaintiffs stitches to "pop open" , causing leaking from her breasts, a condition that continues to this day.

15. This squeezing caused a popped suture, "leaking" from her breast, rendering Plaintiff sick sore lame and disabled, a permanent medical condition that continues to today, caused Plaintiff to go into the bathroom crying at the moment of the touching and squeezing of her breasts, this fibroid cyst condition, leaking continues to this day, due to the squeezing.

16. Plaintiff Ms. Flynn "followed the BPHN chain of command" and complained about this sexual assault, without assistance or appropriate response by BPHN.

17. Ms. B. a supervisor instead joked, harassed and humiliated Plaintiff by responding " Ms. Flynn is going to sue" to other BPHN employees,

18. After Plaintiff Ms. Flynn's complaint regarding this sex battery and assault of breast squeezing, Ms. EM a BPHN coworker actively instigated BPHN clients to verbally harass, demean and insult Plaintiff Ms. Flynn.

19. Ms. EM would tell visiting clients to sit at Plaintiff's desk, and clients, coworkers and Ms. EM would verbally harass Ms. Plaintiff joking loudly, laughing and demeaning and insulting Plaintiff.

20. Ms. Stewart another coworker joined Ms EM and their clients in these verbal insults and harassment against Plaintiff Flynn, , including incidents where Ms. Flynn's car parked at the BPHN was touched and damaged.

21. Ms. EM, Clients, and Ms. LS further spread false rumors and made statements that Ms. Flynn was using illegal drugs, that said unlawful drug use was the reason for Ms. Flynn's loss of body weight.

22. As a result of the above harassment, and battery, Plaintiff suffered emotional upset, anxiety, physical illness, including but not limited to acid reflux, extreme stomach aches, resulting in GERD, also a severe cough, necessitating medical treatment, doctor visits.

23. Plaintiff Flynn requested a safety transfer, which was denied by Ms. Wallace, a supervisor.

24. Ms. W. a supervisor, when learning of Ms. Flynn's allegations of sexual harassment, as described above, did not assist Plaintiff Flynn in any manner, and did nothing as VP.

25. Ms. W. doing nothing to assist Ms. Flynn constituted race and sex discrimination, and retaliation towards Plaintiff Ms. Flynn.

26. The verbal harassment directed towards Plaint. Flynn included but were not limited to "You are skinny, you are dumb, you act white.."; " you are weak, you dumb African Americans, bleach your skin, ....."You have no job" at the time of her termination"

27. Ms. LS stated to Plaintiff Flynn " I am tough, I am from the streets, you are not" ; as harassment and retaliation in response to Ms. Flynn's complaints of sex harassment, and discrimination.

28. Plaintiff Flynn complained of this discrimination "you have set me up to fail."

29.      2019 SEX HARASSMENT AND HOSTILE WORK ENVIRONMENT

30. In 2019 Mr. Rivera squeezed Plaintiff Flynn's hand, making Plaintiff feel uncomfortable, and given the sexually charged atmosphere and hostile work environment at BPHN Plaintiff was uncomfortable that this was a sexual advance by Mr. Rivera, based upon his reputation, and actions .

31. Def. Mr. Rivera, had a reputation for demanding and receiving sex from PBHN employees and aid recipients as a condition of their employment, and compensation and career advancement  and receipt of housing aid by the public.

32. In Feb. 2021 a NY Times article  detailed a history of sex abuse claims against Def. Mr. Rivera, settlements, secrecy , by employees and aid recipients.

33. In March 2021 Def. Rivera was arrested for bribery, those charges are pending as of the filing of this complaint.

34. That in 2019 and prior, Plaintiff suffered emotionally while working at BPHN as this sex charged atmosphere existed thereat.  as a hostile workplace  environment, where employees were seeking sex from each other, and clients, for career advancement, as a an unlawful informal condition of their PBHN employment.

35. Plaintiff Flynn witnessed the improper touching of another employees buttocks, causing her to be upset and suffer anxiety.

36. EM stated to Ms. Flynn at BPHN "this picture is a flower, like my vagina, that's how it looks," pulling up her clothes, saying "look all this booty"  startling and upsetting Plaintiff Flynn as stated herein, saying this to Mr. F.( employment specialist) also who was very friendly with her, an item, as coworkers.

37. Ms. W. directed a supervisor to write up Plaintiff Flynn and LS, without cause for Plaintiff Flynn.

38.   L S  now had a client's boyfriend threaten and harass Plaintiff Ms. Flynn as they were all exiting the office.

39.                Harassment and Insults to Plaintiff Ms. Flynn

40. Upon Plaintiff's Quinn's complaints to BPHN of this further harassment there was not response.

41. Supervisor Dir., Ms. B., Ms.LS, Ad. Asst., and Ms. EM (then a case manager, promoted 7/20)  falsified allegations against  Plaintiff Ms. Flynn leading to her termination without just cause .

42. Plaintiff Flynn was terminated in her employment on Aug. 2, 2020, without just cause, and as sex and race discrimination, and retaliation for her complaints.

43. Plaintiff protested her termination, that she worked harder, was more qualified, did better work than employees who were promoted and better compensated for having sex with Defendant Director Mr. Rivera and his friends/coworkers at BPHN.

44. POST TERMINATION HARASSMENT, RETALIATION

45. Defendant Rivera, BPHN Director, after Plaintiff Ms. Flynn's termination, requested her proof and photos regarding her claims of discrimination.

46. In the past, during Plaintiff Flynn's employment Director Rivera never assisted Plaintiff in her claims of sex and related harassment and retaliation, nor did he assist Plaintiff after requesting her proof, in total constituting harassment, and retaliation, intentional infliction of emotional harm, and other tortious actions described herein. s.

CAUSES OF ACTION

47. Based upon the above facts Plaintiffs assert the following causes of action:

FIRST ACTION

48. Plaintiffs states a cause of action for unlawful sex harassment as an employee prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants pursuant to 42 U.S. Code  (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735,

306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al related statutes.

## SECOND ACTION

49. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants

50.                        THIRD ACTION

51.  Plaintiffs claims and appends the NEW YORK STATE HUMAN RIGHTS LAW , N.Y. EXECUTIVE LAW 290-297 and the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018,  Sect 88-101 to 131, et al, an relates statutes, prohibiting employer sexual harassment of employees and mandating education and supervision of all Defendant personnel,  employees, supervisors, volunteers, agents, to avoid and prevent sex harassment and sex abuse of employees as the infant Plaintiff herein.

## FOURTH ACTION

52.  Plaintiffs claims and appends the common law New York State laws creating actions  at law for assault, battery, negligence, prime facie tort, sexual assault, unlawful touching.

53.             FIFTH ACTION

54. That the Defendant City of New York had knowledge of the complaints of sex harassment of Director Rivera of employees and aid recipients, the settlements of money aid to victims of his harassment.

55. That the Defendant City of New York, ignored the enforcement of all discrimination and sex harassment laws against the Defendants, and continually to fund BPHN with millions of dollars of tax payer monies, paying and keeping Def. Dir. Rivera in his position as director where he was able to continue his and his friends and associates campaign of harassment, retaliation, bribery, against of employees and aid recipients

### DAMAGES ALLEGED

56. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited above.

57. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, harassment described herein.

58. Those common law damages are stated supra and infra including all lawful punitive, exemplary damages, and compensatory damages.

59. As damages in all actions asserted in this complaint , Plaintiff has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma,

being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work and employment opportunities, so that Plaintiff's lifelong earning capacity is diminished, permanently, and continuing to date, every aspect of her life is damaged.

60. As damages in all actions herein, Plaintiffs have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein, damages demanded in the amount of 5 million dollars.

### CERTIFICATION AND CLOSING

61. Under F.R.C.P. 11 by signing below I certify to the best of my knowledge, information and belief that this complaint:

62. This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

Date of Signing :     March 22, 2021

                         S/  MARTIN DRUYAN ESQ.
                         MARTIN DRUYAN ESQ. ,    NYS 1172188
                         MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
                         Attorneys for Plaintiffs

450 7^(TH) AVE N.Y., N.Y. 10123 SUITE 3700

212-279-5577, 917-861 4836

MD@DRUYANLAW.COM

.