```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

QIANA FLYNN,

                         Plaintiff,
                                                  MEMORANDUM AND ORDER
            - against -
                                                  21 Civ. 2871 (NRB)
BRONX PARENT HOUSING NETWORK, VICTOR
RIVERA, and THE CITY OF NEW YORK,

                         Defendants.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In 2021, counsel for plaintiff Qiana Flynn ("plaintiff" or "Flynn") filed this case and three substantially similar cases in this District on behalf of former employees of Bronx Parent Housing Network ("BPHN"), who were allegedly terminated after complaining of sexual harassment and a hostile work environment at BPHN. See ECF No. 1[1]; Byron v. Bronx Parent Hous. Network, No. 21 Civ. 2568 (MKV); Britton v. Bronx Parent Hous. Network, No. 21 Civ. 7079 (JPO); Taylor v. Bronx Parent Hous. Network, No. 21 Civ. 4890 (JLR). All four cases were brought against the same three defendants—BPHN; BPHN's former director, Victor Rivera; and the City of New York (the "City"), see id.—and asserted the same five causes of action: (1) violations of Title VII of the Civil Rights

---

[1] Unless otherwise noted, all ECF citations refer to Flynn v. Bronx Parent Hous. Network, No. 21 Civ. 2871 (NRB).

1

Act of 1964 ("Title VII"); (2) violations of New York Labor Law § 201-g; (3) violations of New York City Human Rights Law ("NYCHRL") § 8-107[2]; (4) assorted New York state common law claims for "assault, battery, negligence, prima facie tort, sexual assault, unlawful touching"; and (5) an unspecified claim that the City had knowledge of the alleged misconduct at BPHN and continued to provide funding to BPHN. See First Amended Complaint ("FAC") ¶¶ 2-4, 72-77, ECF No. 32; Byron v. Bronx Parent Hous. Network, No. 21 Civ. 2568 (MKV), 2023 WL 2585824, at *1 (S.D.N.Y. Mar. 20, 2023); Britton v. Bronx Parent Hous. Network, No. 21 Civ. 7079 (JPO), 2022 WL 4332735, at *1 (S.D.N.Y. Sept. 19, 2022); Taylor, No. 21 Civ. 4890 (JLR), ECF No. 35 ¶¶ 51-59.[3]

All four plaintiffs reached settlements with BPHN and Rivera, leaving the City as the only remaining defendant in all of the cases. See ECF Nos. 45, 48; Byron, No. 21 Civ. 2568 (MKV), ECF Nos. 85, 94; Britton, No. 21 Civ. 7079 (JPO), ECF Nos. 42, 45; Taylor, No. 21 Civ. 4890, ECF Nos. 51, 56. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the City moved to dismiss all four complaints on similar grounds. See ECF No. 51; Byron, No. 21 Civ. 2568 (MKV), ECF No. 76; Britton, No. 21 Civ. 7079 (JPO), ECF

---

[2] The FAC alleges a violation of New York City Administrative Code § 18-107, which concerns the Department of Parks and Recreation. See FAC ¶ 74. Thus, the Court assumes plaintiff intended to refer to Title 8, which includes the NYCHRL. See ECF No. 52 at 9 n.1; Byron, 2023 WL 2585824, at *1 n.1.

[3] Taylor also brings a sixth cause of action for failure to reimburse tuition assistance. See No. 21 Civ. 4890, ECF No. 35 ¶ 59.

2

No. 16; Taylor, No. 21 Civ. 4890, ECF No. 58.  In its motion to dismiss presently before this Court, the City informed this Court that, on September 19, 2022 in Britton, Judge Oetken had granted the City's motion to dismiss in its entirety. See ECF No. 52 at 32-33 (citing Britton, 2022 WL 4332735, at *8).  After the present motion was fully briefed on December 7, 2022, see ECF Nos. 51-56, the City updated this Court by letter of March 22, 2023 that Judge Vyskocil also granted the City's motion to dismiss in Byron in its entirety on March 20, 2023, see ECF No. 60 (citing Byron, 2023 WL 2585824, at *1).  The City's motion to dismiss before Judge Rochon in Taylor is still pending.  See Taylor, No. 21 Civ. 4890 (JLR).

Judge Vyskocil and Judge Oetken's decisions in Byron and Britton reached the same conclusions.  Both Judge Vyskocil and Judge Oetken held that each plaintiff's first cause of action failed to state a claim because their complaint did not plausibly allege an employment relationship with the City, as is required under Title VII, and each plaintiff's fifth cause of action did not set forth sufficient factual information to provide the City with fair notice of their claim.  See Byron, 2023 WL 2585824, at *2-4; Britton, 2022 WL 4332735, at *2-4.  Judges Vyskocil and Oetken also declined to exercise supplemental jurisdiction over the remaining state and city law claims.  See Byron, 2023 WL 2585824, at *4; Britton, 2022 WL 4332735, at *4.  No appeal was taken from Byron or Britton, and both cases have been closed on

3

the court's dockets. See Byron, No. 21 Civ. 2568 (MKV); Britton, No. 21 Civ. 7079 (JPO).

In her opposition to the City's present motion to dismiss, Flynn had the opportunity to address Judge Oetken's decision in Britton, but instead merely stated that the decision is "not binding" on this Court. See ECF No. 54 ¶ 48. In addition, after receiving the City's March 22, 2023 letter informing this Court of Judge Vyskocil's decision in Byron, see ECF No. 60, this Court gave Flynn another opportunity to distinguish Byron, see ECF No. 61. Rather than attempt to distinguish Byron from the present case, however, Flynn's counsel, who had not appealed Byron, merely argued that Byron was wrongly decided, as Judge Vyskocil incorrectly found that the facts alleged by Byron were legal conclusions, see ECF No. 62.

This Court has independently reviewed the record in this case and finds that there is no basis to depart from Judge Vyskocil and Judge Oetken's well-reasoned decisions in Byron and Britton, which address many of the same issues presented here. Even on the most liberal reading of the complaint,[4] Flynn, like Byron and Britton,

---

[4] The facts asserted in the complaint are accepted as true, taking all reasonable inferences in Flynn's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). As was the case in Byron, however, Flynn's complaint and opposition reference various articles and sources that are not attached to the complaint. FAC ¶¶ 5, 10, 15, 17, 38; ECF No. 54 ¶¶ 9, 25, 29, 35. As Judge Vyskocil found, "evidence outside of a complaint cannot save a futile amended pleading." Byron, 2023 WL 2585824, at *5 n.3 (citing Klinkowitz v. Jamaica Hosp. Med. Ctr., No. 20 Civ. 4440 (EK)(SJB), 2022 WL 818943, at *9 (E.D.N.Y. Mar. 17, 2022)).

4

fails to plausibly allege that the City is liable for the actions of BPHN under Title VII using a formal employer, single employer, or joint employer theory. See 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination by "employer[s]"); Felder v. United States Tennis Ass'n, 27 F.4th 834, 838, 844 (2d Cir. 2022) ("The existence of an employer-employee relationship is a primary element of Title VII claims."); Byron, 2023 WL 2585824, at *2-4, Britton, 2022 WL 4332735, at *2-4.  Indeed, Flynn concedes that she was an employee of BPHN, not the City, see FAC ¶¶ 5(B), 43, and does not allege that she received remuneration from the City, as is required to establish a formal employment relationship, see United States v. City of New York, 359 F.3d 83, 91–92 (2d Cir. 2004).[5]

And, in support of her argument that the City and BHPN are a single or joint employer, Flynn asserts almost exclusively conclusory allegations.  See FAC ¶¶ 36-38; ECF No. 52 at 15-17; Byron, 2023 WL 2585824, at *2-4; Toledo v. Unibud Restoration Corp., No. 21 Civ. 882 (GBD) (SN), 2022 WL 171198, at *2 (S.D.N.Y. Jan. 19, 2022) ("The Plaintiff's complaint fails to plead the requisite 'immediate control' needed to allege a joint employer relationship.").  The remaining factual allegations simply do not

---

[5] "[A]t best, [Flynn] appears to allege that the City indirectly compensated [Flynn] . . . [h]owever, 'such an indirect source of funds cannot be the basis for Title VII liability.'"  Byron, 2023 WL 2585824, at *2 (citing Gulino v. New York State Educ. Dep't, 460 F.3d 361, 379 (2d Cir. 2006)); see FAC ¶ 36 ("Def. BPHN as a 100 per cent funded by Def. NYC organization.").

5

establish that the four-part single employer test has been met,[6] let alone the existence of either of the two corporate contexts to which the single employer doctrine has been confined in this Circuit: "first, where the plaintiff is an employee of a wholly-owned corporate subsidiary and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." Gulino, 460 F.3d at 378; see also Britton, 2022 WL 4332735, at *3 ("Courts in this Circuit have been wary of extending the single-employer doctrine outside of these contexts, especially where, as here, a government entity is involved."). Nor does Flynn sufficiently allege that the City, "an entity other than the employee's formal employer, [BPHN], ha[d] power to pay [Flynn's] salary, hire, fire, or otherwise control [Flynn's] daily employment activities, such that we may properly conclude that a constructive employer-employee relationship exists." Felder, 27 F.4th at 844; accord McHenry v. Fox News Network, LLC, 510 F. Supp. 3d 51, 82 (S.D.N.Y. 2020); Fried v. LVI Servs., Inc., No. 10 Civ. 9308 (JSR), 2011 WL 2119748, at *6-7 (S.D.N.Y. May 23, 2011).

Similarly, Flynn fails to provide the City with fair notice of its fifth cause of action in its amended complaint.[7] See

---

[6] The four parts of the single employer test are: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995).

[7] When the Court granted the City's application for leave to file a motion to dismiss plaintiff's complaint on November 12, 2021, the Court also granted

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (requiring "fair notice of the claim asserted so as to enable him to answer and prepare for trial"); Byron, 2023 WL 2585824, at *4, Britton, 2022 WL 4332735, at *4.  A "pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader." Rodriguez v. Beechmont Bus Serv., Inc., 173 F. Supp. 2d 139, 145 (S.D.N.Y. 2001).  In Flynn's fifth cause of action, the Court cannot even discern a legal theory that could support a claim to relief from Flynn's amended complaint or briefing.

As such, Flynn's first and fifth causes of action are dismissed with prejudice.  This Court declines to exercise supplemental jurisdiction over Flynn's remaining claims and dismisses those claims without prejudice to their renewal in state court.  See 28 U.S.C. § 1367(c)(3).

Accordingly, the City's motion to dismiss is granted in its entirety.  The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 51, enter judgment for the City, and close the case.

---

plaintiff leave to file an amended complaint within two weeks. See ECF No. 27.  On January 11, 2022, plaintiff filed an application for an additional extension of time to file an amended complaint due to newly discovery facts that allegedly supported plaintiff's claims against the City. See ECF No. 29.  The Court granted plaintiff's application on January 18, 2022, see ECF No. 30, and plaintiff's amended complaint was filed on January 25, 2022, see FAC.

7

**SO ORDERED.**

Dated:   New York, New York
         May 22, 2023

                                            NAOMI REICE BUCHWALD
                                       UNITED STATES DISTRICT JUDGE